L. D. POWELL COMPANY *v.* ROUNTREE.

Opinion delivered February 5, 1923.

1. CORPORATIONS—FOREIGN CORPORATION DOING INTRASTATE BUSINESS.
—Suits cannot be maintained in this State by foreign corporations on their contracts covering intrastate transactions without complying with Crawford & Moses' Digest, §§ 1826, 1832, requiring the filing of copies of their articles or certificates of incorporation as a prerequisite to doing business in the State.

2. COMMERCE—RESALE OF BOOKS AS CONTINUATION OF INTRASTATE TRANSACTION.—Where law books were shipped into the State by a foreign corporation under a contract which constituted an interstate transaction, the recovery of the books under the contract amounted to a collection growing out of the interstate transaction, and a resale of them in order to collect the purchase money was a continuation of such transaction.

Appeal from Pike Circuit Court; *James S. Steel,* Judge; reversed.

*J. S. Butt,* for appellant.

A contract identical with this one was construed and held in that case that the business conducted was interstate. 148 Ark. 151. Unless there is a continuous business carried on by the foreign corporation, there is not any "doing business" as contemplated by the statute. 60 Ark. 120; 90 Ark. 73. Whether doing an unauthorized business or not, still appellant would have the right to maintain this action. 94 Ark. 621. If it be interstate business at the outset, it continues so to the end. *Rose City Bottling Works* v. *Godchaux Sugars,* 151 Ark. 269.

*Pinnix & Pinnix,* for appellee.

Appellee, although the beneficiary of the unlawful transaction, is not estopped to raise the question of the disability of appellant to maintain the suit. 106 Ky. 472; 9 Bush (Ky.) 590; 17 B. Mon. (Ky.) 349; 54 Ala. 150; 85 Minn. 121; 204 Pa. St. 22; 92 Tenn. 587; 60 Neb. 636; 60 Ark. 122; 115 Ark. 166; 124 Ark. 539; 128 Ark. 211; 136 Ark. 52. The transaction was purely an intrastate one. See Arkansas authorities cited above, and in

addition 233 U. S. 16; 196 S. W. 1132; 87 S. E. 598; 56 So. 961; 128 S. W. 1136; 95 Ark. 588.

Humphreys, J.  Suit in replevin was commenced in the Pike Circuit Court by appellant, a foreign book corporation, against appellee, who had purchased certain law books under written contract that the title to them should remain in appellant until the payment of the entire purchase money.  At the time of the institution of the suit a balance of $95.25 was due on the books, which appellee refused to pay.  The written contract was made the basis of the suit.

The main defense interposed by appellee, and the only one presenting a question for determination on this appeal, was that the contract is void and non-enforceable because made in this State by a foreign corporation, without complying with the laws of the State of Arkansas authorizing them to do business in the State.

The cause was submitted to the court, sitting as a jury, on the pleadings and testimony, which resulted in a judgment in favor of appellee, from which is this appeal.

The facts are undisputed, and, in substance, are as follows:  Two sets of law books, the Encyclopedia of Evidence and of Procedure, were sold to one McNeill, a resident of Pike County, upon order secured by appellant's traveling salesman, subject to approval of appellant at its home office in Los Angeles, Calif., and to be shipped from a point outside of Arkansas to McNeill at Murfreesboro, Arkansas.  Volumes 1 to 14 inclusive of the Encyclopedia of Evidence and six volumes of the Encyclopedia of Procedure were shipped to and received by McNeill.  Under the written contract the title of the books was retained in appellant until the purchase money should be paid.  Judge T. W. Rountree obtained the books from McNeill in payment of a law fee.  Subsequently the agent of appellant ascertained the whereabouts of the books and claimed them for appellant under the McNeill contract.  Judge Rountree examined the contract, and told the agent to take them.  The books

were at the time in the grand jury room. Judge Roun-
tree was county judge, and had the books in the grand
jury room where he could conveniently use them. In
about two hours, and before moving the books, the agent
returned and proposed to resell the two sets of books
complete, with supplements, to appellee under contract
similar to the McNeill contract in form. A price was
agreed upon, and the proposed contract entered into,
subject to the approval of appellant at its home office in
Los Angeles. The books in the grand jury room were
delivered to appellee, and the remaining books neces-
sary to complete the sets were to be shipped to him upon
his order, by appellant. The contract was approved and
the undelivered books afterwards shipped to and re-
ceived by appellee. All of the purchase money except
$95.25 was paid by appellee. Appellant made no attempt
to comply with the laws of Arkansas so that it might
transact business in the State.

Suits cannot be maintained, either in law or equity,
by foreign corporations upon their contracts covering
intrastate transactions, without complying with the sta-
tutory requirements as a prerequisite to doing bus'ness
in this State. Section 1826 and 1832, Crawford & Moses'
Digest.

The sole question therefore presented by this ap-
peal for determination is, whether the facts relating to
this sale made it an intrastate transaction. In the re-
cent case of *Coblentz & Logsdon* v. *L. D. Powell Co.*, 148
Ark. 151, this court, in considering a contract in which
L. D. Powell Company retained title in books until the
purchase money was paid, which it sold on order and
shipped into this State, said:

"The taking of an order from the appellants by the
appellee's traveling salesman for certain books, which
order was transmitted to the appellee and accepted by
it and the books shipped to the appellants under a con-
tract by which the title was reserved in the appellee until
the purchase money was paid, is not the doing of busi-
ness in this State, in contemplation of act of May 13,

1907, p. 744 (Crawford & Moses' Digest, § 1826); see also § 1832."

The larger part of the books in the instant case were not sold on order to Judge Rountree for future delivery, but were in the State when sold, and were immediately delivered to him. Appellee contends that the presence of the goods in the State at the time of the sale, and the immediate delivery thereof to the purchaser, made it an intrastate transaction. The case of *Hogan* v. *Intertype Corporation,* 136 Ark. 52, is cited in support of the contention. In the Hogan case the machinery had been shipped into the State to shipper's own order for the purpose of selling same to Hogan after demonstration, and was retained as the sole and independent property of the Intertype Corporation until after demonstration and sale to him. In the instant case the books were not shipped into the State as the sole and independent property of appellant for the purpose of selling them to appellee or any other person. On the contrary, they were shipped into the State by appellant to McNeill on an order for future delivery, obtained by appellant's traveling agent. The McNeill contract clearly covered an interstate transaction. *Coblentz & Logsdon* v. *L. D. Powell Co., supra.* The recovery of the books under the McNeill contract amounted to a collection growing out of an interstate transaction. The collection was made in books instead of money, and we think the resale of them, in order to convert them into money, was a continuation of the interstate transaction. It was the only practical method by which a collection could be completed against one who had defaulted on an interstate contract. Otherwise it would have been necessary to incur the expense of shipping the books out of the State in order to convert them into money. The statutes of this State requiring foreign corporations to comply with certain conditions before doing intrastate business were not intended to place such a burden upon the enforcement of good faith interstate transactions. We think the doctrine announce 1 in the case of *Rose City Bottling Works* v. *Godchaux*

*Sugars, Inc.,* 151 Ark. 269, is applicable and controlling in this case.

On account of the error indicated, the judgment is reversed, and the cause is remanded with instructions to render judgment for appellant.