SILLIN *v.* HESSIG-ELLIS DRUG COMPANY.

Opinion delivered March 24, 1930.

388

*Joseph Morrison* and *M. F. Elms*, for appellants.

*W. A. Leach,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellants contend that appellee is a foreign corporation, and is not entitled to maintain this suit, because it has not complied with the statutory requirements relating to the right of foreign corporations to do business in the State of Arkansas. On the other hand, counsel for appellee contend that the transaction here involved does not constitute doing business within the State of

Arkansas by a foreign corporation within the meaning of our statute. The record shows that appellee was engaged in the wholesale drug business at Memphis, Tennessee, and Webb & Son, a retail drug store at Stuttgart, Arkansas, purchased drugs from it during a period of twenty years, and became indebted to it in a considerable sum. The drugs sold by appellee to Webb & Son were shipped on orders sent in by Webb & Son or by traveling salesmen who secured the orders at Stuttgart, Arkansas, and sent them to appellee at its place of business in Memphis, Tennessee.

In the first place, it may be said that no effort was made to show that the traveling salesmen had any special authority from his principal, and his authority was limited to receiving and transmitting orders. *Markstein Brothers Millinery Co.* v. *J. A. White & Co.,* 151 Ark. 1; 235 S. W. 39. All orders were sent in by Webb & Son from Stuttgart, Arkansas, to appellee's place of business at Memphis, Tennessee.

Under these circumstances, appellee cannot be said to have come into the State in the sense of transacting its own business here. The general rule deducible from our decisions and from those of the Supreme Court of the United States is that the business transacted must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and that the transactions were intrastate in character. Hence it is insisted that, since appellee is a foreign corporation and has never complied with the laws of this State so as to authorize it to do business here, it has no standing in court and should be denied relief. We are of the opinion that all of the transactions between the parties were interstate, and that their legality as objects of interstate commerce was not affected by the fact that appellee has not complied with the laws of this State. *Rose City Bottling Works* v. *Godchaux Sugars,* 151 Ark. 269, 236 S. W. 825; *L. D. Powell Co.* v. *Rountree,* 157 Ark. 121, 247 S. W. 389;

30 A. L. R. 414; *Linograph Co.* v. *Logan,* 175 Ark. 192, 299 S. W. 609; and *People's Tobacco Co.* v. *American Tobacco Co.,* 246 U. S. 79, 38 S. Ct. 233.

In a case-note in 60 A. L. R. at page 996, the rule is stated as follows: "The soliciting of orders for goods within a State by the agent of a foreign corporation and the shipment of goods pursuant to such orders by the corporation from another State to the purchasers do not constitute doing business within the State, so as to subject the corporation or its agent to a local statute prescribing conditions of doing business within the State; since such transactions are in interstate commerce, and are not subject to regulation by the State."

Among the numerous cases cited in support of the rule is *Coblentz & Logsdon* v. *L. D. Powell Co.,* 148 Ark. 151, 229 S. W. 25.

These authorities also sustain the principle of law that a foreign corporation has a right to take a mortgage, and to foreclose it for the purpose of collecting its account resulting from interstate commerce without complying with the laws of the State regulating the admission of foreign corporations for the purpose of doing business within the State. The underlying principle is that, if the indebtedness was incurred in transactions growing out of interstate commerce, the foreign corporation could come into the State and collect its debts, and that such act would not amount to doing business in the State. Appellee purchased the stock of drugs of Webb & Son at the bankrupt sale, and continued the business for a space of time between ten days and two months, until it could sell the same. Appellee never intended to engage in the retail drug business in the State of Arkansas, and the fact that it kept the store open selling at retail until it could dispose of the whole stock was a mere incident to the collection of its debt, and did not amount to doing business within the provisions of the statute in regard to foreign corporations It is perfectly obvious that, if it had closed the store up, it could not have sold it to as much advantage as if it

had kept the store open, and thereby kept it as a going concern. Only in this way could it have fully preserved the good will of the business, which frequently adds materially to its value.

Again, the record shows that appellee purchased at two different places in the State of Arkansas a stock of drugs for the purpose of collecting its debt against a retail drug store. In each instance, it only operated the drug store until it could dispose of the stock of drugs and thereby collect its debt. This, as we have already seen, was a mere incident to the collection of the debt, and did not constitute doing business within the State. In each of the instances cited above the buying in of the stock of drugs by appellee was for the purpose of collecting an account resulting from an interstate transaction, and the practice complained of did not involve doing business in the State which would subject appellee to the regulation of the State concerning foreign corporations. This court has expressly held that our statute prohibiting foreign corporations from doing business in this State without complying with its terms does not prohibit such corporations from taking a note or mortgage to secure a past due indebtedness for goods sold in interstate commerce. *Simmons-Burks Clothing Co.* v. *Linton*, 90 Ark. 73, 117 S. W. 775; and *Linograph Co.* v. *Logan,* 175 Ark. 194, 299 S. W. 609.

We find no reversible error in the record, and the decree will therefore be affirmed.