FRANK L. YOUNG CO. *v.* McNEAL-EDWARDS CO.

No. 490.  Argued April 24, 27, 1931.—Decided May 18, 1931.

See also 35 F. (2d) 829.

*Mr. W. Barton Leach,* with whom *Messrs. John G. Palfrey* and *Charles F. Albert* were on the brief, for petitioner.

*Mr. Asa P. French,* with whom *Mr. Jonathan W. French* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case presents the question whether under the Conformity Act, U. S. Code, Title 28, § 724, and the Massachusetts statute, Gen. Laws, c. 227, §§ 2, 3, the District Court acquired jurisdiction over the respondent. The Conformity Act provides that " the practice, pleadings, and forms and modes of proceeding in civil causes, . . . in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held." By the Massachusetts Laws, § 2, *supra,* " If an action is brought by a person not an inhabitant of the commonwealth . . . he shall be held to answer to any action brought against him here by the defendant in the former action, if the demands are of such a nature that the judgment or execution in the one case may be set off against the judgment or execution in the other." By § 3 " The writ in such cross action may be served on the attorney of record for the plaintiff in the original action." In this case the McNeal-Edwards Company, a corporation of Virginia, sold to the Frank L. Young Company of Massachusetts 1107 drums of Menhaden oil; buyers to return the drums. The buyers later sued the Virginia Company for breach of warranty of quality and attached the drums, but the attachment was inadequate security for damages and was the limit of the jurisdiction. Later the Virginia Corporation sued the buyers for the conversion of the drums, and thereupon at a still later date the buyers brought a second suit against the Virginia Corporation for the same cause of action as before, had the writ served upon the attorney of record in the Virginia Corporation's suit, and discontinued its former action. The petitioner, in short, is plainly within the Massachusetts statute, for although there is some sugges-

tion that by reason of the petitioner's former suit the suit by the Virginia Corporation was not the 'original action' within § 3 supra, we regard this as a mere quibble, and have no doubt that the Massachusetts law applies if the Conformity Act brings it in. The case was dismissed by the Circuit Court of Appeals for want of jurisdiction. 42 F. (2d) 362; 43 F. (2d) 99. A writ of certiorari was granted by this Court.

We have to consider the Massachusetts law so far as it applies to counterclaims arising out of the same contract that was sued upon by the Virginia Company. If there should be any objections to a wider application, they do not affect the respondent and are not open here. *Hatch* v. *Reardon,* 204 U. S. 152, 160. Thus limited, the law is only a slight extension of the doctrine of recoupment recognized in Massachusetts apart from statute. *Home Savings Bank* v. *Boston,* 131 Mass. 277, 280. We take it that there is no doubt that the Massachusetts principle would be applied in the Courts of the United States, *Dushane* v. *Benedict,* 120 U. S. 630; and no greater doubt if the principle were established by a code. *Clement* v. *Field,* 147 U. S. 467, 475. *Pacific Express Co.* v. *Malin,* 132 U. S. 531. *Higgins* v. *McCrea,* 116 U. S. 671. Giving the counterclaim the formality of a separate suit hardly is a sufficient reason for refusing to apply the local policy and law. *Arkwright Mills* v. *Aultman & Taylor Machinery Co.,* 128 Fed. 195, 196. Mr. Langdell observes that there is no necessity for such ceremony in the nature of things " for, the plaintiff being already in court *qua* plaintiff by his own voluntary act, it is reasonable to treat him as being there for all the purposes for which justice to the defendant requires his presence." Langdell, Eq. Pleading, ch. 5, § 119. The characterization of the contrary doctrine as pernicious by Mr. Justice Miller in *Partridge* v. *Insurance Co.,* 15 Wall. 573, is repeated in *Chicago &*

*North Western Ry. Co.* v. *Lindell,* 281 U. S. 14, 17. We see no reason to doubt the constitutionality of the present application of the state law. The policy of it is embodied in equity rule 30. See *Aldrich* v. *Blatchford,* 175 Mass. 369; 56 N. E. 700.

The case is within the jurisdiction of the District Court in all other respects if the respondent has been served with process effectively. We are of opinion that the service was good and that the case should not have been dismissed.

*Judgment reversed.*