SMITH *v.* MERGENTHALER LINOTYPE COMPANY.

4-2936

Opinion delivered April 3, 1933.

138

*John C. Ashley* and *Shields M. Goodwin,* for appellant.

*Fred A. Isgrig,* for appellee.

HUMPHREYS, J. Suit to recover a judgment for $894.44 and to foreclose a chattel mortgage was instituted in the chancery court by appellee, a foreign corporation engaged in manufacturing and selling linotype machines, against appellant, who had purchased a second-hand linotype machine from it. At the time of the institution of the suit, a balance of $894.44 was due on the machine, which appellant refused to pay. The notes evidencing the balance and the chattel mortgage given on the machine to secure them were made the basis of the suit.

The defense interposed to the suit by appellant was that the contract was void and nonenforceable because made in the State by a foreign corporation without first complying with the laws of the State authorizing it to do business here.

The cause was submitted to the court upon the pleadings and testimony, resulting in a finding that the transaction was interstate and a judgment for the amount sued for and a decree of foreclosure, from which is this appeal.

The record reflects that appellee, a foreign corporation, had its main office and factory in New York with an office at New Orleans as headquarters for its traveling salesmen; that it manufactured and sold linotype machines through its traveling salesmen on written orders which had to be approved and accepted, before effective, by its executive officers in the State of New York; that it sold to *The Herald,* a newspaper published at Rison, a new linotype machine, taking as part payment a second-hand linotype machine, in the latter part of 1926, which it stored or left in place in said newspaper office until it disposed of same in February, 1927, to appellant; that the sale was made by appellee's traveling salesman to appellant on appellant's written proposal to pay $50 cash and notes in $20 denominations, which proposition was accepted by the executive officers of ap-

pellee in New York; that, pursuant to the agreement, appellant executed a series of fifty-seven notes for a total amount of $1,596.50, the purchase price of the machine, and a chattel mortgage on the machine to secure same dated February 14, 1927, and payable at Rison, which were mailed to appellee in New York on the 21st day of February, 1927; that the mortgage was recorded in Izard County on the 12th day of March, 1927; that, upon receipt of the notes and mortgage, the machine was shipped directly from Rison to Melbourne.

The sole question presented to this court on trial *de novo* upon the pleadings and testimony is whether the transaction was interstate or intrastate. The sale of the new linotype machine to *The Herald* was clearly an interstate transaction. The acceptance of the old linotype machine in part payment therefor was allowable as a part of the interstate transaction, as much so as if the whole consideration had been paid in cash. The right to convert the property thus received in payment of the new linotype machine into cash and negotiable paper was a necessary incident to the interstate transaction and a continuation thereof. Otherwise, it would have been necessary to incur the expense of shipping the second-hand linotype machine out of the State in order to convert it into money or its equivalent. The statutes of this State requiring foreign corporations to comply with certain conditions before doing intrastate business were not intended to place such a burden upon the enforcement of good faith interstate transactions. The facts in the instant case bring it within the rule announced by this court in the case of *L. B. Powell Company* v. *Roundtree,* 157 Ark. 121, 247 S. W. 389, and approved in the later case of *Linograph Company* v. *Logan,* 175 Ark. 194, 299 S. W. 609.

No error appearing, the decree is **affirmed.**