**CONSOLIDATED INDEMNITY & INS. CO. v. SALMON & COWIN, Inc., MINING ENGINEERS AND CONTRACTORS.**

No. 6770.

Circuit Court of Appeals, Fifth Circuit.

April 22, 1933.

M. C. Stewart and Frank M. Young, both of Birmingham, Ala., for appellant.

William S. Pritchard and James W. Aird, both of Birmingham, Ala., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

The firm of Sutton Bros. obtained a contract to do certain road work in Tennessee, and gave the statutory bond required with appellant, the Consolidated Indemnity & Insurance Company, a New York corporation, as surety. Appellee, Salmon & Cowin, Inc., an Alabama corporation, obtained a subcontract to do part of the work. Appellees brought suit against the surety alone to recover a balance due for labor and material furnished in completing its subcontract. Judgment was entered on a verdict of the jury in the amount of $14,387.66. This appeal followed. It is unnecessary to consider the assignments of error in detail.

It is contended that appellee had no standing to maintain the action because as a foreign corporation it had not complied with the law of Tennessee as to domestication. Appellant relies upon the following statutes of Tennessee: Chapter 31 of the Acts of 1877; chapter 122 of the Acts of 1891; chapter 81 of the Acts of 1895; and chapter 13 of the Public Acts of 1929 (Sp. Sess.) There is much argument on both sides as to whether appellee had complied with these acts, but we need not go into that. While considerable time was required to perform the subcontract, it was an isolated transaction, and appellee had not entered the state for the purpose of continuously doing business. The Supreme Court of Tennessee in Richmond Screw Anchor Co. v. Minter Co., 156 Tenn. 19, 300 S. W. 574, a case very similar to this, held that a foreign corporation under these conditions was not required to domesticate, and a defense based on that ground would not stand. It is true that that decision was rendered before the adoption of the act of 1929, and, so far as we are advised, the Supreme Court of Tennessee has not had the occasion to construe the said act, but we find nothing in it that would compel a conclusion to the contrary. We are content to follow the above-cited decision, particularly as it conforms to the general rule adopted in federal courts. Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 S. Ct. 739, 28 L. Ed. 1137; Oakland Sugar Mill Co. v. Fred W. Wolf Co. (C. C. A.) 118 F. 239; Natural Carbon Paint Co. v. Fred Bredel Co. (C. C. A.) 193 F. 897; Anderson v. Morris & E. R. Co. (C. C. A.) 216 F. 83; Hutchinson v. Chase & Gilbert (C. C. A.) 45 F. (2d) 139.

Included in the judgment were the following two claims for material furnished to appellee and used in the work: Dupont & de Nemours Company, $2,848.74 and Gulf Refining Company, $854.79. It does not appear that appellee had either paid these claims or bound itself to do so. It is shown that suit had been brought on both of them against appellant in Tennessee. The District Court at first instructed the jury to deduct these amounts in rendering the verdict. Later, appellant having declined to stipulate that it would pay them, the court submitted them to the jury with the other items of damages claimed. It is apparent that these two creditors had the right to ignore appellee and proceed directly against the surety. If appellee should recover them, the surety would not be relieved of a judgment in the direct actions against it, and might be subjected to double liability for the claims. In the circumstances, appellee was not entitled to a recovery on these items. The submission of these two items to the jury amounted to reversible error. However, it is desirable that the litigation be terminated to avoid the expense and delay of another trial. The amount that should be deducted is easily ascertainable by calculation, based upon facts shown in the bill of excep-

tions. We find no other reversible error in the record. If appellee will enter a remittitur, the balance of the judgment may be affirmed. Koenigsberger v. Richmond Silver Mining Co., 158 U. S. 41, 15 S. Ct. 751, 39 L. Ed. 889.

The judgment will be reversed and the case remanded for further proceedings, not inconsistent with this opinion, unless appellee shall enter a remittitur, without prejudice, in this court in the sum of $3,703.53 within 10 days. In that event the judgment will be affirmed for the balance, costs of appeal to be divided equally.