### ROARK v. AMERICAN DISTILLING CO.
### No. 11086.

Circuit Court of Appeals, Eighth Circuit.

June 9, 1938.

A. J. Russell, Jr., of Eureka Springs, Ark., for appellant.

Robert A. Young, Jr., and Fred S. Armstrong, both of Fort Smith, Ark., for appellee.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

This is an appeal from an order dismissing appellant's petition following a refusal to prosecute further after granting a motion to quash the service on appellee.

This action was filed in a State court of Arkansas and removed to the United States District Court for the Western District of Arkansas. Following such removal defendant specially appeared to move that the service upon it be quashed. There is no dispute as to the controlling facts which are as follows: Appellant is a resident of Arkansas engaged in the wholesale liquor business. Appellee is a Maryland corporation with offices in New York and New Jersey and operating a distillery in Illinois. It has a salesman in Arkansas who has no office or place of business other than his residence. He solicits orders which are not final until accepted by the company at its New York office and all payments for shipments are made by transmissions to offices of the company outside of Arkansas. Early in 1936 the company received such an order and sent a shipment to Ozark Wholesale Liquor Company at Little Rock, Arkansas. By the time this shipment had arrived appellant had bought the business of Ozark Wholesale Liquor Company and when the shipment came he refused to take the delivery. Instead of returning the shipment and because an appreciable amount in Arkansas revenue stamps had been affixed thereto which were not recoverable, an agent of the company received the shipment at Little Rock and placed it in a warehouse there. Thereafter there were negotiations between the agent and appellant which resulted in an agreement for him to take this

shipment, which he did. There is disputed testimony as to another similar shipment which was so ordered and sent to F. Strauss and Sons. When this shipment was refused, appellant bought a portion thereof.

Section 2249 Pope's Digest of the Statutes of Arkansas, 1937, provides that all corporations doing business in the State shall designate an agent therein upon whom service of process may be made. Section 2250 provides that where no such agent has been designated service may be made upon the Auditor of the State. No such designation had been made by appellee and the service here was upon the Auditor. No license to do business in the State had ever been procured by appellee and its course of business was as above outlined. This action was brought and the above service made in October, 1936, some months after the above transactions with appellant.

The situation thus revealed is as follows: (1) The usual course of dealing was simply and solely the soliciting of interstate shipments under contracts approved outside of the State with payment outside of the State; (2) the two exceptions to this course of conduct are the isolated transactions with appellant arising out of the above situations. The question here is whether, in this situation, the appellee was doing business in Arkansas so that the service upon the State Auditor under the above statute is valid.

One of the matters discussed in the briefs is whether the disposition of the above two isolated shipments under the circumstances of the original transmission of them as interstate shipments are state or interstate transactions.

The law is that the foreign corporation must be carrying on business at the time of the attempted service. Consolidated Textile Corporation v. Gregory, 289 U.S. 85, 86, 53 S.Ct. 529, 77 L.Ed 1047; International Harvester Co. v. Kentucky, 234 U.S. 579, 585, 34 S.Ct. 944, 58 L.Ed. 1479. Here there were but two isolated transactions which had taken place some months before the attempted service of summons and it is undisputed that all other transactions and the course of business at the time of attempted service was purely interstate.

It is unnecessary to examine how far federal courts are bound in determining their jurisdiction by State statutes of this character or by State decisions construing such statutes.[1] Nor is it necessary to examine whether isolated transactions, even if they be purely intrastate, are sufficient to constitute "doing business" within a State so as to subject a party to service therein to give jurisdiction in a federal court.[2] Such examinations are unnecessary because this case is clearly ruled by L. D. Powell Co. v. Rountree, 157 Ark. 121, 247 S.W. 389, 30 A.L.R. 414. In Kansas City Structural Steel Co. v. State, 161 Ark. 483, at page 487, 256 S.W. 845, at page 846, the decision in the Powell Case is outlined by the Supreme Court of Arkansas as follows: "a foreign corporation, through its traveling agent, took an order from a party in this state for certain books, and the foreign corporation shipped the books to the purchaser under a contract by which the title was reserved in the seller until the purchase money was paid. The original purchaser, having failed to pay for the books, turned them over to an attorney

[1] See Consolidated Textile Corporation v. Gregory, 289 U.S. 85, 86, 53 S.Ct. 529, 77 L.Ed. 1047; Frank L. Young Co. v. McNeal-Edwards Co., 283 U.S. 398, 51 S.Ct. 538, 75 L.Ed. 1140; Munter v. Weil Corset Co., 261 U.S. 276, 278, 43 S.Ct. 347, 348, 67 L.Ed. 652; Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 443, 30 S.Ct. 125, 54 L.Ed. 272; Woods Bros. Const. Co. v. Yankton County, 8 Cir., 54 F.2d 304, 308, 81 A.L.R. 300; Heffner v. Gwynne-Treadwell Cotton Co., 8 Cir., 160 F. 635, 638.

[2] See Hunter v. Mutual Reserve L. I. Co., 218 U.S. 573, 31 S.Ct. 127, 54 L.Ed. 1155, 30 L.R.A.,N.S., 686; International Text Book Co. v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678, 27 L.R.A.,N.S., 493, 18 Ann.Cas. 1103; Cooper Mfg. Co.

v. Ferguson, 113 U.S. 727, 733, 734, 5 S.Ct. 739, 28 L.Ed. 1137; Bay City v. Frazier, 6 Cir., 77 F.2d 570, 573; Mandel Bros. v. O'Neil, 8 Cir., 69 F.2d 452, 456; Consolidated Indem. & Ins. Co. v. Salmon & Cowin, Inc., 5 Cir., 64 F.2d 756, 757; McNeal-Edwards Co. v. Frank L. Young Co., 1 Cir., 42 F.2d 362, 367, reversed on other grounds 283 U.S. 398, 51 S.Ct. 538, 75 L.Ed. 1140; Alaska Homestake Mining Co. v. Krampitz, 9 Cir., 276 F. 82, 87; Empire Fuel Co. v. Lyons, 6 Cir., 257 F. 890, 892, certiorari denied 252 U.S. 582, 40 S.Ct. 393, 64 L. Ed. 727; Bankers' Surety Co. v. Town of Holly, 8 Cir., 219 F. 96, 101, 102; Anderson v. Morris & E. R. Co., 2 Cir., 216 F. 83, 87; Natural Carbon Paint Co. v. Fred Bredel Co., 7 Cir., 193 F. 897, 899.

in payment of a fee. Later a representative of the foreign corporation claimed the books, and the attorney having them in possession recognized the claim, and offered to deliver the books to the agent of the foreign corporation. The latter resold these books to the attorney under a contract similar in form to the contract under which they were first purchased. We held that the first transaction was an interstate transaction, and that the latter was but a continuation of the original interstate transaction, and that the whole did not constitute the doing of business in this state by a foreign corporation contrary to our laws." Other Arkansas cases strongly supporting the same principle are Smith v. Mergenthaler Linotype Co., 187 Ark. 137, 58 S.W.2d 686; Sillin v. Hessig-Ellis Drug Co., 181 Ark. 386, 26 S.W.2d 122; Linograph Co. v. Logan, 175 Ark. 194, 299 S.W. 609; Rose City Bottling Works v. Godchaux Sugars, Inc., 151 Ark. 269, 236 S.W. 825.

Appellant relies upon Berryman v. Cudahy Co., 189 Ark. 1151, 76 S.W.2d 956; Stewart v. California Grape Juice Corporation, 181 Ark. 1140, 29 S.W.2d 1077; Sunlight Produce Co. v. State, 183 Ark. 64, 35 S.W.2d 342; and Hogan v. Intertype Corporation, 136 Ark. 52, 206 S.W. 58. The Stewart Case is not at all in point. The other cases are clearly distinguishable on the facts and, as stated in People's Tobacco Co., Ltd., v. American Tobacco Co., 246 U.S. 79, at page 87, 38 S.Ct. 233, at page 235, 62 L.Ed. 587, Ann.Cas.1918C, 537, "Each case depends upon its own facts" in questions of this character. In the Berryman Case, the agent (within the State) of the foreign corporation made completed sales, made collections, and repossessed and resold goods not paid for. He was both a salesman and, in some instances, a peddler of the goods of the company. In the Hogan Case, the original shipment was to the agent located within the State who subsequently made sales in the State. In the Sunlight Case, the foreign corporation maintained a place of business within the State where it bought, paid for and received delivery of milk and produce which it later shipped out of the State to its plants elsewhere. The situations in these cases are somewhat similar to that in International Harvester Co. of America v. Kentucky, 234 U.S. 579, 585, 586, 34 S.Ct. 944, 58 L.Ed. 1479.

We conclude that the trial court was right in quashing the service here and that the judgment should be and it is affirmed.