STEWART–WARNER CORPORATION v. UNIVERSAL LUBRICATING SYSTEMS, Inc.

No. 3342.

District Court, W. D. Pennsylvania.

Oct. 17, 1939.

Smith, Buchanan & Ingersoll, of Pittsburgh, Pa., and Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., for plaintiff.

Elder W. Marshall and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Leonard L. Kalish, of Philadelphia, Pa., for defendant.

SCHOONMAKER, District Judge.

The plaintiff, a Virginia corporation, with its principal place of business in Chicago, Illinois, has sued the defendant, a resident of this district, charging infringement of Zerk Patent No. 1,676,626.

The defendant has answered, denying infringement, and has also included in its answer a counterclaim charging plaintiff with violations of the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1–7, 15 note, and 38 Stat. 730, and asking an injunction against plaintiff's alleged anti-trust violations injurious to defendant. The plaintiff has moved to dismiss the counterclaim. The defendant has moved to amend paragraph No. 19 of its counterclaim, by adding sub-paragraphs containing allegations showing diversity of citizenship and the amount in controversy, as well as allegations showing that plaintiff is an inhabitant of this district and does business therein within the meaning of the anti-trust laws of the United States.

The defendant's answer containing its counterclaim was filed November 27, 1937. The plaintiff's motions to dismiss the counterclaim were filed December 6, 1937. The defendant's motion to amend its counterclaim was filed July 27, 1939. These motions were brought to hearing before the court on July 27, 1939.

The plaintiff's motion to dismiss for want of jurisdiction is based on the allegation that this court is without jurisdiction over defendant's counterclaim based on alleged violations of the anti-trust laws, for the reason that defendant, in its counterclaim, does not plead jurisdiction; and that the plaintiff is not within the jurisdiction of the court under the statutes and the cases arising thereunder.

The plaintiff's motion to dismiss and strike the counterclaim is based on the grounds: (1) That the counterclaim prays for relief only cognizable in a suit at law in which the plaintiff is entitled to a trial by jury; and (2) plaintiff's alleged violation of the anti-trust laws does not constitute a defense to plaintiff's charge of patent infringement.

■ As to the first point made by plaintiff that this court has no jurisdiction over plaintiff on this counterclaim, because the plaintiff is not an inhabitant of this District. We see no merit in this contention. The plaintiff is already in this court by his own voluntary act, and should be treated as being there for all purposes for which justice requires his presence. See General Electric Co. v. Marvel Rare Metals Co., 287 U.S. 430, 435, 53 S.Ct. 202, 77 L. Ed. 408; Leman v. Krentler-Arnold Co., 284 U.S. 448, 451, 52 S.Ct. 238, 76 L.Ed. 389; Young Co. v. McNeal-Edwards Co., 283 U.S. 398, 400, 51 S.Ct. 538, 75 L.Ed. 1140. In addition to that, defendant has offered an amendment to its counterclaim specifically alleging that plaintiff is an inhabitant of, is found in, and transacts business in this district. We will allow this amendment to be filed.

■ As to the point made by plaintiff that the defendant asks for relief only cognizable in a suit at law in which the plaintiff is entitled to a jury trial, we see no merit in this contention. True it is that this suit was brought before the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, became effective; but the plaintiff's motion to dismiss was not brought up for argument until after the new rules became effective. They abolished the distinction between actions at law and in equity. Those rules apply to pending actions: See Rule 86. We see no reason why they should not apply to the instant case, because we cannot find their application would not be feasible or would work injustice. In fact to hold the new rules not applicable would work an injustice to the defendant, for the subject-matter of its counterclaim was not barred at the time plaintiff brought this suit; but it is barred now.

■ We agree with the plaintiff that the matters set forth in the counterclaim do not constitute a defense to plaintiff's claim of patent infringement. But, as we view the defendant's counterclaim, the fact of a violation of the anti-trust laws is not pleaded as a defense to the charge of infringement, but in support of defendant's claim of damage and injury to the defendant by reason of such violation of the anti-trust laws. Under those circumstances, we are of the opinion this court has jurisdiction over the counterclaim.

The case of Deney & Almy Chemical Co. v. Johnson, Drake & Piper, Inc., D.C., 25 F.Supp. 1021, supports this view.

Orders may be submitted in accordance with this opinion.