Missouri Pacific Railway Company *v.* Yarnell.

Opinion delivered May 14, 1898.

1. EVIDENCE—COPY OF CONTRACT.—Where a copy of a written contract, purporting to be the original, is filed as an exhibit to the complaint, and the original is in the hands of defendant, the latter cannot at the trial object to the introduction of the copy in evidence; it being provided by Sand. & H. Dig., § 2929, that "when a writing purporting to have been executed by one of the parties is referred to in and filed with a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun." (BATTLE, J., dissents.) (Page 324.)

2. CONTRACT—EFFECT OF BREACH.—Failure of one party to a contract to comply with its terms releases the other party from compliance with it. (Page 324.)

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

## STATEMENT BY THE COURT.

The appellee, as assignee of A. F. Smith, recovered a judgment against the appellant, for $392, for failure of the appellant to comply with the following contract:

"Agreement made this twentieth (20th) day of November, A. D. 1890, by and between A. F. Smith, of Bald Knob, Arkansas, of the first part, and the Missouri Pacific Railway Company, of the second part, to-wit:

"The said A. F. Smith, of the first part, agrees to furnish to the party of the second part piling, free on board cars on the St. Louis, Iron Mountain & Southern Railway, commencing November 20, 1890, and ending December 31, 1891, in amounts and at prices as follows:

"Cypress Piling. Specifications: Must be red or black cypress, straight, sound, clear of knots, bark taken off, to have not less than ten (10) inches of heart in the top or small end, well trimmed, and to be cut off square at both ends. To the amount of two hundred and fifty thousand (250,000) linear feet, if needed, at following prices: For lengths up to and including thirty (30) feet, at seven (7) cents; over thirty (30) and including thirty-five (35) feet, at eight (8) cents; over thirty-five (35) and including forty (40) feet, at nine (9) cents; over forty (40) and including sixty (60) feet, at twelve (12) cents; over sixty (60) feet, at thirteen (13) cents per linear foot. And the said party of the first part agrees to keep on hand at side tracks, ready for loading, not less than twenty (20) car loads of the above described piling of assorted lengths.

"Oak Piling. Specifications: Must be live, sound white, post or burr oak; those thirty (30) feet long and over to be ten (10) inches, and those under thirty (30) feet long to be twelve (12) inches in diameter at top or small end; must be straight, bark peeled off, well trimmed, cut off square at both ends, and otherwise first class in every respect. To the amount of two hundred thousand (200,000) linear feet, if needed, at prices as follows: Lengths up to and including thirty-five (35) feet, six and one half (6½) cents; lengths over thirty-five (35) feet, seven (7) cents per linear foot.

"And the said party of the first part agrees to keep on

2

hand at side tracks, ready for loading, not less than twenty (20) car loads of the above described piling of assorted lengths. The piling to be furnished under this agreement shall be furnished and loaded promptly as orders are received from ths wood, tie and timber agent of said second party for same; the proper invoices and bills of lading for such material shall be forwarded promptly after each shipment to the said agent of said second party. It being understood that the piling above provided for shall be ordered shipped only as requisitions for such are received from the several departments of the Missouri Pacific Railway, and all to be inspected at destination. Failure of said party to carry out the provisions of this agreement shall operate as sufficient cause for cancelling this agreement at the option of said second party, and in the event of such cancellation fifteen (15) days' notice in writing shall be given to said first party.

"And the said The Missouri Pacific Railway Company agrees to furnish the said A. F. Smith with orders for the above described piling, from time to time as requisitions for same are received, and to pay for the same at the office of said second party in the City of St. Louis each month as readily as it is possible to adjust accounts.

"In witness whereof, said parties have hereunto set their names the day and year above written.

[Signed]                 "A. F. SMITH, Contractor.

"The Missouri Pacific Railway Company,

[Signed]                 "By N. T. SPOOR,

Wood, Tie and Timber Agent."

A typewritten copy of this contract was attached to and exhibited with the complaint, and purported in the complaint to be the original.

The appellant answered generally, and denied that it made such a contract with the appellee, but did not verify the answer by affidavit, nor did it file an affidavit, as required by the statute, denying the genuineness of the exhibit or that it executed the contract. The contract was declared upon in the complaint as the one exhibited with the complaint, and not as a copy of the original. When the copy was offered to be read in evidence, the appellant objected, his objection was overruled, and

the copy of the contract exhibited with the complaint and referred to as the original was read to the jury, to which the appellant excepted.

Among others the court was requested by the appellant to instruct the jury as follows:

"(3)  In this case, by the terms of the alleged contract sued on, the plaintiff's assignor agreed to keep on hand on the sidings of the Iron Mountain Railway certain quantities of oak and cypress piling, so that the same could be loaded and shipped as needed by the defendant.  If you find from the evidence that plaintiff's assignor failed to keep on hand at said sidings piling agreed to be so kept, then your verdict must be for the defendant, [unless you further find that the defendant had the power under the contract to terminate it.  In that event, the failure of the defendant to terminate the contract would be a condonement or healing of the breach,]"—which the court refused, but modified said instruction by adding thereto that part in brackets, and gave it as so amended, to which appellant excepted.

There was evidence in the case tending to show that the appellee, the plaintiff below, had not complied with the contract upon his part.

*Dodge & Johnson,* for appellant.

The original of the contract sued on not having been filed with the complaint, in accordance with § 5753, Sand. & H. Dig., the rule laid down in § 2929, *ib.*, does not apply to render it incumbent upon the defendant to deny same by affidavit before trial.   It was not competent to admit a copy of the alleged contract to prove the original, without satisfactorily accounting for the original.  1 Greenl. Ev. §§ 82, 84, 87, 88. The burden was on appellee to show delivery in compliance with terms of contract.   This was prerequisite to recovery. The evidence does not sustain the allegation of appellee, that appellant had requisitions for timber but refused to turn them over to appellee.   It was error to instruct the jury that it was necessary for appellant to exercise its option to terminate contract upon violation of it by appellee.   The violation discharged the contract.

*S. Brundridge, Jr.*, and *W. B. Smith*, for appellee.

Appellant did not deny the genuineness of the contract sued on, before trial, by affidavit, nor were the allegations of its answer, denying its genuineness, sworn to. Hence there was no error in allowing its introduction into evidence. 35 Ark. 198. This court will not reverse a judgment for want of evidence to sustain the verdict, so long as there is any evidence to support the verdict. 48 Ark. 497; 57 Ark. 577; 51 Ark. 330; 24 Ark. 252; 34 Ark. 632.

HUGHES, J., (after stating the facts.) As the appellant did not deny the genuineness of the contract sued upon under oath before the trial began, he could not upon the trial object to the introduction in evidence of the copy. The proof showed that the original was in the possession of the appellant; and he should have made his objection that only a copy, and not the original, was exhibited with the complaint before the trial. By his failure to do so, he waived his objection, and should not have been allowed to take an unlooked-for and unfair advantage of the appellee by having it excluded upon the trial, and thus leave appellee with no opportunity to lay the proper foundation to introduce secondary evidence. The statute provides that "when a writing purporting to have been executed by one of the parties is referred to in and filed with a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit, before the trial is begun." Sand. & H. Dig., § 2929.

The court erred in modifying the third instruction as asked by the appellant, and giving it as modified, over the objection of appellant. The obligations of the contract were mutual, and, if the appellee failed to comply with it, he could not hold the appellant to a compliance. This is too plain to require argument or authorities. The failure of one party to a contract to comply with its terms releases the other party from compliance with it.

For the error in modifying this instruction, and giving it as modified, the judgment is reversed, and the cause is remanded for a new trial.

BATTLE, J., dissents from so much of the opinion as holds that it was competent to read the copy of the contract in evidence.