# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

MARKSTEIN BROTHERS MILLINERY COMPANY *v*. J. A. WHITE

& COMPANY.

## Opinion delivered December 5, 1921.

1. CUSTOMS AND USAGES—LOCAL CUSTOMS.—Proof of a local custom is insufficient to establish a usage of trade with reference to which all dealers are presumed to have contracted.

2. SALES—RIGHT TO RETURN GOODS.—Where defendants sent an unconditional written order for hats, having a verbal understanding with the salesman that defendants should be allowed the privilege of returning to the plaintiff all unsold goods at the end of the season, and plaintiffs shipped the hats with a special notice that "no goods will be accepted for return unless returned within 5 days after receipt of goods", defendants had the election to return the goods within five days or to keep and pay for them.

3. PRINCIPAL AND AGENT—AUTHORITY OF TRAVELING SALESMAN.— In the absence of special authority, the authority of a traveling salesman is limited to receiving and transmitting orders.

Appeal from Nevada Circuit Court; *George R. Haynie,* Judge; reversed.

*H. E. Rouse,* for appellant.

1. The authority of a drummer is to take orders and submit them to their employers for approval. If he claims authority in excess of soliciting orders, he must prove it. 101 Ark. 68. Dreher, it is shown, had no authority to make the agreement with reference to the return of the goods; but, if he made such agreement, it was an unauthorized act which was never ratified by appellant. 64 Ark. 217; 105 Ark. 512; 76 *Id.* 472; 2 C. J. L.

§ 116. The finding of fact by the trial court that Dreher made the agreement is not a finding that the act was authorized, or that appellant accepted the order and shipped the goods with knowledge of the agreement, and thereby ratified the act, and that finding is not conclusive of these issues. 79 Ark. 357; 97 *Id.* 620, 621.

2. The burden of proving the alleged custom or usage was on the appellee, and knowledge thereof must be brought home to the appellant. 118 Ark. 316; 176 S. W. 318; 97 Ark. 613, 319; 62 *Id.* 33; 81 *Id.* 550.

A local custom or usage must be specially pleaded, and it must be proved specifically that the party to be charged knew of the custom and contracted with reference to it. 2 Elliott on Contracts, § 1786 and note 62; 54 N. E. 890; 89 Ark. 595.

3. The time for inspection and return of the goods was fixed by the notice accompanying the invoice. If the time limited in the notice, five days, was not sufficient, appellees must, at least, have exercised their right to return within a reasonable time. 230 S. W. (Ark.) 9.

*Randolph Hamby,* for appellee.

Aside from the question of custom, the fact that appellant's agent had previously sold the same character of goods to appellee upon the same terms and conditions as contended for in this case, and that appellant had assented thereto or at least not disavowed, was such course of dealing that the agent thereby derived apparent authority to continue such contracts, at least until notice to appellee of a discontinuance of such authority. 21 R. C. L. 855; 34 L. R. A. (N. S.) 440; 142 Ark. 565; 21 R. C. L. 907; 59 L. R. A. 294.

SMITH, J. This suit was brought to recover the purchase price of eighty-six hats bought by appellees from appellants, amounting to $165.05. The order therefor was given by appellees to one Dreher, a traveling salesman for appellants. Appellees admit giving the order and receiving the hats, but defend upon the

ground that the purchase was made upon the condition that a reasonable opportunity should be given to sell the hats and thereafter the unused hats might be returned and credit therefor given on the bill. There was testimony that it was the custom in Prescott, where appellees did business, to buy hats from commercial salesmen on these terms, and appellees offered testimony that Dreher had sold hats to them and to another merchant on these terms.

It is admitted, however, that at the time Dreher is alleged to have sold hats on the terms stated he did not represent appellant company, but was traveling for another hat manufacturer, and, so far as the testimony in regard to custom is concerned, it may be said that this testimony showed only a local custom at Prescott, and did not go to the extent of showing a usage of the trade, with reference to which all dealers would be presumed to have contracted. *Calhoun* v. *Ainsworth,* 118 Ark. 316; *Exchange National Bank* v. *Little,* 111 Ark. 263; *Cage* v. *Black,* 97 Ark. 613; *City Electric Street Ry. Co.* v. *First National Exchange Bank,* 62 Ark. 33; *Ward Furniture Co.* v. *Isbell,* 81 Ark. 549.

The order for the hats was received by appellants on December 14, 1918, and, as received, was an open order for a selection of hats amounting to $150. A copy of this order was left with appellees, and the original was sent to appellants. The order, as written by Dreher and as received by appellants, made no mention of any agreement in regard to the terms of the sale and was apparently an open order for hats. Appellants acknowledged the order as an open selection order, and in conformity therewith made a selection of hats amounting to $156.05, and the hats were shipped on that date. On the day of shipment appellant mailed to appellees an invoice of the hats shipped, in which appeared the following:

"Special notice:—These goods were made expressly for you. We have been put to expense of paying labor

and cutting materials for your order. We will under no conditions accept the return of any goods." And in the envelope with the invoice was a notice printed in large red letters stating that,

"OWING TO THE LOSS CAUSED BY
"UNJUSTIFIABLE RETURNS

"The National Millinery Association has adopted rules as follows:—

" 'No goods will be accepted for return unless returned within 5 days after receipt of goods.'

(Signed)

"MARKSTEIN BROS. MILLINERY CO.

"Birmingham, Alabama."

Appellees received the goods, sold what they could, and on May 10, 1919—which was seventy days after their receipt—returned $51.33 worth of hats with a check for $104.72. Appellants refused to receive either the hats or the check and returned both.

Dreher denied that he had sold hats upon the condition that any part of the order might be returned later than five days after their receipt; but the court, sitting as a jury, found "that the defendants are not indebted to the plaintiff in the sum of $51.33, for the reason that, by agreement with William J. Dreher, the salesman of the plaintiff, the defendants were allowed the privilege of returning to plaintiffs, at the end of the season, all goods unsold, and did return them, but plaintiffs refused to accept them."

In view of this finding, we must assume the fact to be that Dreher agreed that unsold goods might be returned; but this finding is not conclusive of the case.

It is undisputed that the order, as transmitted to, and as received by, appellants, did not contain this condition. It is also undisputed that the hats were not shipped under this condition. Upon the contrary, the invoice for the goods, as well as the notice accompanying it, expressly stated that the sale would become absolute after five days. The five days were given for

inspection and approval. During that time all or any part of the order might have been returned, for such was the effect of the writing set out above. Upon discovering that the hats had not been shipped in accordance with the agreement made with Dreher, appellees had the right to return them on that account, even if the invoice had not contained that recital. But, upon discovering this discrepancy, appellees should either have returned the entire order, as they had the right to do, or they should have kept the hats and paid for them. *Cage* v. *Black,* 97 Ark. 613; *American Hardwood Lbr. Co.* v. *Milliken-James Hardwood Lbr. Co.,* 140 Ark. 544; *Standard Sewing Machine Co.* v. *Rainwater,* 146 Ark. 81; *Crockett* v. *McClure Co.,* 136 Ark. 128; *Southern Eng. & Boiler Works* v. *Globe C. & L. Co.,* 98 Ark. 482; *Pratt* v. *Meyer,* 75 Ark. 206; *Carrigan* v. *Nichols,* 148 Ark. 336.

No effort was made to show that Dreher had any authority beyond that of the ordinary traveling salesman; and the authority of one acting in that capacity is to receive and transmit orders. *Lee* v. *Vaughan's Seed Store,* 101 Ark. 68; *United States Bedding Co.* v. *Andre,* 105 Ark. 111.

Appellants had the right to refuse to accept and fill this order; and they also had the right to ship the goods subject to five days' approval.

In view of the court's finding, the presumption would be indulged that the shipment had been made upon the condition testified to by appellees, if the testimony did not show that the hats had not been so shipped. But there is no issue of fact on this question. The undisputed testimony shows that the hats were shipped on condition that the sale would become absolute if the hats were not returned within five days after their receipt. Appellees did not exercise their right to return the hats, and the obligation to pay became complete and binding after the expiration of five days.

The judgment of the court below is therefore reversed, and the cause remanded for a new trial.