BEN F. LEVIS, INC., v. COLLINS.

4-8707                                  219 S. W. 2d 762

Opinion delivered April 25, 1949.

*Norton & Norton,* for appellant.

*Mann & McCulloch,* for appellee.

GEORGE ROSE SMITH, J. Appellant brought this action to recover installments said to be due under a contract by which it was to act as the appellees' resident buyer in New York City. The appellees, Collins and Ingram, are partners who own dry-goods stores in Forrest City and Wynne. By the terms of the written agree-

ment the partnership employed appellant corporation for a period of six months beginning November 1, 1946, and agreed to pay $75 monthly for appellant's services. The installment for November was paid when due, but that was the only payment made by appellees. Their defense is that the appellant failed to perform its part of the agreement, as it did not buy any merchandise for appellees until April, 1947, when appellant caused to be shipped to the partners a number of blouses that were rejected. The appeal is from judgment upon a verdict for the appellees.

The pivotal question is whether the appellant was required by the contract to purchase merchandise for appellees on its own initiative or was to await orders from its principals. In this respect the contract is ambiguous, as it merely states that appellees employ appellant as their resident buyer. That term is not defined, nor does the agreement specify the duties undertaken by appellant in that capacity. Parol evidence of the antecedent negotiations of the parties was admissible to explain the meaning of this doubtful term. *Mays* v. *Barnett,* 150 Ark. 492, 234 S. W. 488. Hence the court properly permitted Cóllins to relate a long distance telephone conversation between him and Ben F. Levis, president of appellant corporation. Levis called Collins in September, 1946, when there was a shortage of many articles ordinarily sold by appellees. Levis assured Collins that by November 1 the appellant would be able to obtain for the partnership the items needed. Collins agreed to employ appellant and detailed a list of articles in critical demand. From this evidence the jury could have found that appellant was to purchase merchandise without waiting for orders in addition to the list originally provided.

Appellant also recognized the existence of ambiguity by offering to prove that in New York the custom among resident buyers is for them to buy goods only upon orders from their principals. The court correctly excluded this testimony. A custom may be shown as an aid to interpretation if it is known to both parties or is such a widespread trade usage that the contract will be

presumed to have been made with reference to it. Appellant's evidence proved a custom local to New York, but failed to establish appellees' knowledge or notice thereof. Without the latter element the testimony was inadmissible. *Markstein Bros. Millinery Co.* v. *J. A. White & Co.,* 151 Ark. 1, 235 S. W. 39. Later in the trial Collins admitted that he had previously dealt with two New York resident buyers and was familiar with their custom, though he did not say what it had been. We need not determine whether these bare admissions supplied a sufficient foundation for appellant's proof as to custom, for the evidence was not offered again for the court's consideration.

Aside from these matters of evidence, the only question is whether appellant breached the contract before the December payment was due. There was sufficient testimony to support the view that appellant's duties as resident buyer required it to supply at least some merchandise in November and that its failure to do so was a breach of the contract. If so, appellant is not in a position to take advantage of a later breach by the appellees. *Mo. Pac. Ry. Co.* v. *Yarnell,* 65 Ark. 320, 46 S. W. 943.

Affirmed.