## WESTARK SURGICAL CLINIC, P.A.
### *v.* John J. WEISSE

80-62                                          597 S.W. 2d 820
Supreme Court of Arkansas
Opinion delivered April 28, 1980

*Warner & Smith,* by: *G. Alan Wooten,* for appellant.

*Harper, Young & Smith,* by: *S. Walton Maurras,* for appellee.

GEORGE ROSE SMITH, Justice. On July 1, 1976, the appellant, an incorporated clinic owned by three Fort Smith surgeons, employed the appellee, another surgeon, for one year at a salary of $4,000 a month, with certain other benefits. At the end of the year a disagreement arose between the parties about the terms of a renewal agreement, with the result that their association terminated in mid-July, 1977.

Dr. Weisse brought this action to recover severance pay of $30,000 and other compensation of $5,000, all assertedly due him under the provisions of the one-year contract of employment. That contract was oral, but Dr. Weisse testified that it was based upon a blank form of written contract that did provide for severance pay. The other doctors denied that the contract included any severance pay. The case was submitted to the jury essentially upon that issue of fact, one of the court's instructions telling the jury that the question,

"most simply stated, is whether or not there was a contract to provide Dr. Weisse with salary continuation benefits upon termination or resignation from Westark Surgical Clinic." The jury returned a $20,000 verdict for Dr. Weisse.

During the trial Dr. Weisse was permitted to testify that while the parties were negotiating for a renewal of the contract the Clinic offered him a salary that was unfairly low and based upon an understatement of the income he had produced for the Clinic during the first year. Mrs. Weisse, who acted as her husband's bookkeeper, was permitted to testify in detail about errors in the Clinic's statement of Dr. Weisse's productivity. The objections to this testimony should have been sustained. The pleadings raised a single substantial issue of fact: whether the original oral contract provided severance pay for Dr. Weisse. What happened a year later, during the renewal negotiations, was not relevant to that issue and was prejudicial to the Clinic, as it put the other doctors in the attitude of having treated Dr. Weisse unfairly and of having falsified the record of his productivity. No such issues were raised by the pleadings.

Reversed and remanded for a new trial.