## L. Joe STOCKER v. Robert HALL

80-70                                    602 S.W. 2d 662

Supreme Court of Arkansas
Opinion delivered July 7, 1980
Rehearing denied September 10, 1980

*Ben Johnson, Jr.*, for appellant.

*John L. Kearney*, for appellee.

FRANK HOLT, Justice. By the terms of a written contract, the appellant was to provide labor and materials for the

remodeling of appellee's residence. The remodeling was to be completed in 60 days at a total cost to appellee of $10,079.90. Appellee filed suit about 2½ years later alleging that the appellant had breached the contract. He asked for $3,347.43 as damages, which was appellee's cost to complete the remodeling. The appellant answered and couterclaimed that the contract was modified by mutual agreement requiring extra work and material which increased appellee's obligation to appellant from $10,079.90 to $12,281.00. Appellant alleged that, although he had substantially performed the agreed modifications, the appellee's refusal to pay a balance of $2,531.90 on the additional sum agreed upon made further performance impossible and constituted a breach of contract, discharging any duty appellant owed appellee. He sought to recover as damages $2,531.90 as the balance owed on the contract as modified. Appellee denied the allegations in appellant's counterclaim. The trial court, sitting as a jury, found, however, that the original contract had been modified by agreement of the parties; the appellant was entitled to an additional $836 over the original contract price for work and material furnished by him not required by the original contract; however, appellee had expended $1,-531.42 in securing work and materials which the appellant had agreed to do and failed to provide; the appellee had paid the appellant $400.00 over the original price of $10,079.90, or a total of $10,479.90; the court then substracted the $400.00 from the appellant's $836.00 setoff, leaving a $436.00 setoff. This was subtracted from the $1,531.42, leaving $1,095.42 owed appellee by appellant.

Since the case was tried before the court, sitting as a jury, after July 1, 1979, findings of fact by the court will not be set aside unless they are clearly against the preponderance of the evidence. *Taylor* v. *Richardson*, 266 Ark. 447, 585 S.W. 2d 934 (1979). Ark. Rules of Civ. Proc., Rule 52 (1979).

We first consider appellant's contention that the court erred in finding that the contract price "was modified only $836.00 over the" original contract price. He primarily argues that since the appellee's attorney, rather than the appellee himself, verified the responses to the requests for admission, the facts in the requests are deemed admitted, citing

*Young, Adm'r* v. *Dodson,* 239 Ark. 143, 388 S.W. 2d 94 (1965); and Ark. Stat. Ann. § 28-358 (Supp. 1977), the statute in effect at the time of the hearing. Therefore, appellant argues that the court erred in not considering Request No. 25 as an admission concerning the amount of the modification:

> That for all the above stated additions, expansions, and modifications, plaintiff agreed to pay defendant $2,-202.00 above the January 20, 1977 contract price of $10,079.90.

The appellee responds that even if the initial responses were improper, it was within the discretion of the court to allow his motion to make a properly verified oral or written response after the statutory time had expired, citing *Kingrey* v. *Wilson,* 227 Ark. 690, 301 S.W. 2d 23 (1957). Even so, the record reveals no order indicating that this occurred. In *Young* v. *Dodson, supra,* we resolved the question of whether the party or the party's attorney must verify the responses. There we held that the responses were "improper and inadequate, because of the fact that the responses were sworn to by the attorneys for the respective parties, rather than the parties themselves." We held that since the responses were inadequate and deficient, they were to be considered as admissions. We have adhered to this rule. *Phoenix of Hartford* v. *Coney,* 249 Ark. 447, 459 S.W. 2d 558 (1970); *Universal Life Ins. Co.* v. *Howlett,* 240 Ark. 458, 400 S.W. 2d 294 (1966); and *B and P, Inc.,* v. *Norment,* 241 Ark. 1092, 411 S.W. 2d 506 (1967). Here we hold the fact asserted in Request No. 25 must be deemed as admitted. The value of the modifications was, therefore, $2,-202.00 rather than $836.00 as found by the court.

We next consider appellant's contention that the court erred in granting judgment for the appellee inasmuch as the evidence, when viewed in the light of the court's finding that the contract was modified, clearly indicates an anticipatory breach by the appellee. We must agree. According to appellant's pleadings, the appellee had agreed to increase the $10,079.90 contract price to $12,281.00 for certain modifications requiring additional labor and materials. According to his testimony, appellee had paid him $400.00 of the extra $2,651.00 he had agreed to pay for the

modifications. When appellee informed him that he wasn't going to pay "extra money", the appellant stopped work on the house. However, he remained willing to perform the contract which was substantially performed, if the appellee would pay him the balance owed. The witnesses corroborated appellant's testimony that appellee requested and agreed to pay for certain modifications on the remodeling which required extra labor and materials. According to one witness, appellee agreed to pay appellant "over $2,000.00" for the modifications.

We have held that the failure of one party to perform its contractual obligations releases the other party from its obligations. *Cummings* v. *Lord's Art Galleries,* 227 Ark. 972, 302 S.W. 2d 792 (1957); *Grayling Lumber Co.* v. *Hemingway,* 128 Ark. 535, 194 S.W. 508 (1917); *Spencer Medicine Co.* v. *Hall,* 78 Ark. 336 (1906); and *Lewelling & Price-Willaims* v. *St. Francis Co. R.I. Dist. 1,* 158 Ark. 91, 250 S.W. 1 (1923). The party who first breaches a contract is in no position to take advantage of a later breach by the other party. *Ben F. Levis, Inc.* v. *Collins,* 215 Ark. 172, 219 S.W. 2d 762 (1949).

Here, despite appellee's testimony there was no subsequent agreement with respect to the original contract and the $400.00 overpayment was a mistake, the court found that the contract was modified by the agreement of the parties. The court awarded $836.00 damages to the appellant as a setoff. The evidence, as found by the court, clearly established a modification agreement and that the appellant stopped work only when he was refused payment for the agreed modifications.

The anticipatory breach of a contract justifies the other party to treat the contract at an end and permits an action for a breach of the contract. *Spencer Medicine Co.* v. *Hall, supra.* Williston on Contracts, 3d § 1397, reads in pertinent part: "Anticipatory breach does not change the nature of the contract, and the normal rule of damages is, therefore, the same as if the breach had not taken place until the time fixed in the contract for performance." The anticipatory repudiation here excused any performance by the appellant and negated the

right of the appellee to recover expenditures made by him to complete the remodeling modifications.

According to the request for admissions, which must be deemed admitted, as previously discussed, the appellant is due a balance of $2,202.00 on the contract. However, as we understand appellant's argument, he asks for $1,401 as damages sustained by him due to appellee's breach of the contract. In arriving at this figure, it appears that appellant is willing to give appellee credit for $850.00 for pouring a concrete driveway together with his $400.00 overpayment on the original contract price. He then subtracts these two figures from $2,651.00, leaving $1,401.00 as being the balance due on the modified contract. We are unable to reconcile his evidence as justifying $2,651.00 as being the amount due before these credits. However, he is clearly due $2,202.00 as reflected by the request for admissions. Therefore, when we give appellee credit for $850.00 plus $400.00, as it appears appellant is willing to do, we hold that the net balance appellee owes appellant is $952.00.

The judgment is reversed and the cause remanded with directions to enter a judgment for $952.00 in favor of appellant as damages.

Reversed and remanded.