## BARNETT RESTAURANT SUPPLY, INC.
### *v.* Peck VANCE et al

83-46                                    650 S.W.2d 568

Supreme Court of Arkansas
Opinion delivered May 16, 1983

*Henry & Walden,* by: *Brent Davis,* for appellant.

*Penix, Penix, Mixon & Lusby,* for appellees.

GEORGE ROSE SMITH, Justice. The only question on this appeal is whether the trial court was right in denying the plaintiff's motion to strike the defendant Vance's responses to the plaintiff's requests for admissions because the responses were not served and filed within the 30 days allowed by A.R.Civ.P. Rule 36. We find that the trial court was in error.

Barnett Restaurant Supply brought this action against Vance and others upon a $1,894.94 open account. Vance filed an answer denying all allegations in the complaint. On August 17, 1981, the plaintiff filed requests for admissions, the only important one being that Vance admit he owed the plaintiff $1,894.94 for merchandise. No responses were filed until January 6, 1982, the day before trial, when defense counsel learned of their mistake and filed responses with the clerk. At the beginning of the trial the court, after hearing

defense counsel's explanation for the omission, denied the motion to strike the responses, without further comment.

At the hearing Vance's trial attorney stated that responses had been prepared and had been signed and verified by Vance on September 8. Below the verification another member of the law firm had certified that he had served a copy on each of the two opposing attorneys (presumably by mail), but that can hardly have been correct. Neither opposing attorney received a copy, nor had one been filed with the clerk. The secretary who notarized Vance's signature would have testified that he came to the office and signed the responses, that the original was not in the file, and that it was the habit and practice of the office to send the responses to the clerk's office and mail copies to the various parties. Quite evidently there was an oversight, it hardly being possible that all three copies were lost in the postal system.

Rule 36 (a) provides, as did its predecessor, Act 335 of 1953, § 11, that a request for an admission is admitted unless a timely response is served. Rule 6 (c) also requires that a copy be filed with the clerk within a reasonable time. In 1957 we upheld a trial court's decision to permit timely but unsworn responses to be verified on the day of trial. *Kingrey* v. *Wilson*, 227 Ark. 690, 301 S.W.2d 23. Ten years later, however, we explained that when *Kingrey* was decided our lawyers had not had much time to become acquainted with the penalties for failure to comply with discovery procedures. *B. & P., Inc.* v. *Norment*, 241 Ark. 1092, 411 S.W.2d 506 (1967). Our policy through the years has been to require compliance with the rule governing responses to requests for admissions. *White River Limestone Products Co.* v. *Mo.-Pac. Rd. Co.*, 228 Ark. 697, 310 S.W.2d 3 (1958); *Stocker* v. *Hall*, 269 Ark. 468, 602 S.W.2d 662 (1980). A similar trend away from early leniency has been noted with respect to the federal rule. *Driver* v. *Gindy Mgf. Corp.*, 24 F.R.D. 473 (E.D. Pa. 1959).

Our lawyers are familiar with our practice during the past twenty-five years or more. Rule 6 (b) (2) provides broadly for extensions of time in instances of excusable

neglect, but an attorney's shifting of complete responsibility to a secretary does not fall in that category. *DeClerk* v. *Tribble,* 276 Ark. 316, 637 S.W.2d 526 (1982). If this law office took any precautions to avoid oversights such as the one that occurred, trial counsel failed to mention that fact. In the circumstances it would be a step backward for us to recognize an exception to the procedural requirements in this case.

Reversed and remanded for the entry of judgment.