WESTARK SURGICAL CLINIC, P.A. *v.*
John J. WEISSE

83-30                                    650 S.W.2d 571

Supreme Court of Arkansas
Opinion delivered May 16, 1983

*Thompson, Paddock & Llewellyn,* by: *William P. Thompson,* for appellant.

*Harper, Young, Smith & Maurras,* by: *S. Walter Maurras,* for appellee.

DARRELL HICKMAN, Justice. This is the second appeal of this breach of contract case. John J. Weisse, a newly certified surgeon, was employed in 1976 by Westark Surgical Clinic, a professional association of doctors located in Fort Smith. After one year Weisse resigned and sued Westark for what he claimed was due him under an employment contract. At the first trial the jury awarded him $20,000. We reversed the judgment because of prejudicial evidence submitted to the jury. *Westark Surgical Clinic* v. *Weisse,* 268 Ark. 505, 597 S.W.2d 820 (1980). On retrial the jury awarded Weisse $32,000, and we affirm that judgment.

Weisse visited Westark Clinic twice before beginning his employment. After each visit he received a letter from the Clinic. The first letter generally set forth the terms of employment with the Clinic: salary, benefits, relocation expenses, vacation, etc. The second letter, written in February of 1976, acknowledged Weisse's acceptance of the Clinic's offer of employment. Both letters said that Weisse would receive a written employment agreement.

Weisse started work at the Clinic in July of 1976. It is undisputed that he continually asked for a written contract. And, when he asked about certain benefits, the Clinic physicians answered him that it was covered by the contract he would receive. Finally, in October, the Clinic's attorney sent Weisse a blank contract along with other Clinic documents. The contract included a salary continuation clause which provided that in the event of termination the employee would get 100% of his salary for the first three months following termination, 75% the next three, 50% the next three, and 25% the final three months. In Dr. Weisse's case that would amount to $30,000.

The blank contract was never signed but Weisse testified that he believed it to represent his agreement with the Clinic. When he left the Clinic he was refused salary continuation and he sued for that and for compensation for doing follow-up care on patients he treated while at the Clinic. On retrial, following the first reversal of this case, the jury awarded Weisse $30,000 in termination pay and $2,000 compensation for his work after he left the Clinic.

The Clinic appeals the jury's decision on three grounds. First, it contends that the trial court erred in refusing to allow evidence of customary employment contracts between employing physicians and physicians just beginning practice. The Clinic proffered evidence by a Little Rock lawyer who prepared such employment contracts in six southern states that he had never seen a salary continuation clause in a contract with a physician just out of school.

The trial court correctly found that a custom is admissible as evidence only if it is known to both parties, or is such a widespread custom in a trade that the parties will be presumed to be aware of the custom. *Ben F. Levis, Inc.* v. *Collins,* 215 Ark. 172, 219 S.W.2d 762 (1949). Weisse was from New York and educated there. He completed his residency in Columbia, Missouri. He testified that he had no knowledge of the custom of inserting salary continuation clauses or the lack of them in medical employment contracts. The trial court's ruling, a discretionary one, was on a sound basis. We cannot say that the record proves that such a custom was known to Weisse or so widespread that he would be presumed to be aware of it. To do so would be to rule that the trial judge manifestly abused his discretion — a decision we cannot make.

Secondly, it is argued that the trial court was wrong in allowing Weisse to introduce an exhibit which showed the services Weisse rendered to Clinic patients a short time before he left the Clinic and for two weeks after. These were patients Weisse treated or performed surgery on while at the Clinic, and the exhibit showed the surgery, the postoperative, and the follow-up care and treatment by Weisse. The Clinic argues that the exhibit was prejudicial because it

showed that the Clinic made $10,000 in charges for the treatment and that that was not relevant to what Weisse should receive since Weisse and the Clinic had a salary agreement. Weisse testified that he had been paid for the services that he rendered before he left the Clinic but that he had not been paid for the services given after he left and that he estimated those services to be worth $2,000. Apparently the jury agreed because that is what he was awarded. The trial court ruled that the exhibit was relevant and we cannot say he was manifestly wrong.

Finally, it is argued that the evidence was not sufficient to support the verdict. Essentially the appellant makes a legal argument and the question is whether the jury was entitled to decide the terms of the contract between Weisse and the Clinic. Although there was no signed agreement, evidence existed that the parties contemplated a written agreement and that the Clinic intended the parties' agreement to be governed by the employment contract. The Clinic's only contract in existence, and the one given to Weisse, had a salary continuation provision. When the evidence is considered in a light most favorable to the appellee, we find that there was substantial evidence to support the jury's finding.

Affirmed.