Homer WOMACK and Pat WOMACK *v.*
Roy HORTON d/b/a HORTON TOMATO COMPANY

84-109                                                   674 S.W.2d 935

Supreme Court of Arkansas
Opinion delivered September 10, 1984
[Rehearing denied October 15, 1984.]

*Gibson Law Firm,* by: *John F. Gibson, Jr.,* for appellant.

*Haley & Claycomb,* by: *Stark Ligon, P.A.* for appellee.

ROBERT H. DUDLEY, Justice. The sole issue on this appeal is whether the trial court was right in deeming plaintiff's requests for admissions admitted because the responses were not filed within the thirty days allowed by ARCP Rule 36 (b). We find the trial court was correct. Jurisdiction is in this court under Rule 29 (1) (c).

After the complaint and answers had been filed, the plaintiff, on September 9, 1983, filed seventeen requests for admissions. At the same time, copies of the requests were mailed to the defendant's attorney. On October 27, 1983, which the trial court found to be at least 45 days after completion of service, the defendants filed answers which were not verified. On November 3, 1983, the trial court ruled that the requests for admissions should be deemed admitted and that, since no material facts were in dispute, the plaintiff was entitled to a summary judgment. Verified answers were later filed, on November 28, 1983, and the defendants moved to vacate the judgment. The trial judge ruled that once requests for admissions are deemed admitted, the court is without power or discretion to permit a withdrawal or amendment of the admissions. ARCP Rule 36 (b) does give the trial court power and discretion to permit withdrawal of an admission. The rule states that "any matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

The result, however, must be affirmed in this case. The trial court deemed the non-verified Requests for Admissions to be admitted because the response was 18 days late. The rule provides that the *"matter is admitted* unless, within 30 days after service of the requests, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the

admission a written answer or objection addressed to the matter, signed by the party or his attorney. . ." (emphasis added). The policy of this court through the years has been to require compliance with the rule governing responses to requests for admissions. *Barnett Restaurant Supply, Inc.* v. *Vance,* 279 Ark. 222, 650 S.W.2d 568 (1983), citing *Stocker* v. *Hall,* 269 Ark. 468, 602 S.W.2d 662 (1980); *White River Limestone Products Co.* v. *Mo. Pac. Rd. Co.,* 228 Ark. 697, 310 S.W.2d 3 (1958). If the responses are not on time or are faulty for some other reason, such as not being signed by the parties or being inadequate and deficient, this court has made it a practice of deeming the requests to be admitted. *Stocker* v. *Hall,* 269 Ark. 468, 602 S.W.2d 662 (1980). However, we do examine the particular facts of each case and, when the facts warrant, require acceptance of late responses. For example, in *Gatlin* v. *Cooper Tire and Rubber Co.,* 252 Ark. 839, 481 S.W.2d 338 (1972), we reversed the trial court and held that a response which was three days late should have been accepted because the complaint was amended after the request was filed. In the case at bar, however, the eighteen day delay was inexcusable and the trial court quite properly deemed the requests admitted.

Affirmed.