2013 Ark. App. 317
**Mark CARTER, Appellant**

v.

**Odis WAYMACK and Barbara Waymack, Husband and Wife, Appellees.**

**No. CA 12–1032.**

Court of Appeals of Arkansas.

May 15, 2013.

Rehearing Denied June 26, 2013.

---

Ed Daniel IV, P.A., by: Ed Daniel IV, for appellant.

Raymond Harrill, for appellees.

ROBERT J. GLADWIN, Chief Judge.

Appellant Mark Carter files this appeal from the August 13, 2012 judgment of the Lonoke County Circuit Court finding that the lease in question terminated on August 2, 2009, prior to his purchase of said lease on April 22, 2010, and accordingly dismissing his complaint against appellees, Odis Waymack and Barbara Waymack. He argues that the circuit court erred in finding that the lease had expired, and he claims that he is entitled to a judgment adjudicating him the owner of the billboard in question, with the right to remove the billboard from appellees' property. We affirm.

On August 14, 2000, appellees entered into a lease with Outdoor Management Services, Inc. (OMS), where appellees agreed to lease to OMS the right to construct, maintain, and lease an outdoor billboard on property owned by appellees. OMS agreed to pay $1,300 per year to appellees beginning August 1, 2000, and to pay that amount of annual rent on the first day of August each year thereafter for the duration of the ten-year-lease term, ending on August 1, 2010. The lease granted OMS an option to extend the lease for an additional ten years, and, continuing after the term of the lease and any option, extending the term of the lease thereto, on a year-to-year basis unless appellees gave notice in writing to OMS of their intent to terminate the lease.

On August 24, 2005, OMS assigned its rights under the lease to Billboard Acquisitions VII, LLC (BA), and the lessor/lessee relationship continued pursuant to the terms of the lease. On August 1, 2009, BA failed to pay rent to appellees under the terms of the lease, and on August 20, 2009, BA went into receivership, pursuant to which, Robert W. Leasure (Receiver) was appointed as the receiver. Mr. Waymack acknowledged that Receiver attempted to pay the annual rent of $1,300, which had been due August 1, 2009, but that Mr. Waymack refused to accept the payment because he refused to sign a W–9 form that was required by Receiver before payment could be made.

On April 22, 2010, Receiver sold and assigned the rights under the lease to appellant. The assignment quitclaimed, assigned, and transferred to appellant all of Receiver's right, title, and interest in and to the lease. Appellant sent an undated letter to the appellees, postmarked July 30, 2010, containing check number 1140 in the amount of $1,300. The letter stated in part that his company, Carter Outdoor Advertising (COA), recently had purchased the lease and provided contact information for appellant and Leah Carter.

In a letter dated August 13, 2010, from attorney Jimmy Taylor, on behalf of Mr. Waymack, the $1,300 check was returned to COA. The letter advised that appellees "[have] no contract with you for sign rental and does not desire one. The contract for rental of his sign has expired and was not renewed by the lessee, nor was the rent paid. The contract is therefore null and void."

On October 25, 2011, appellant filed a complaint for injunction and contractual damages seeking a permanent injunction directing appellees to cease and desist from prohibiting access to the billboard during the full term of the lease, as well as damages for lost advertising revenue, interest, fees, and costs associated with appellees' interference with his right to quiet enjoyment of the lease.

After denying a motion to dismiss filed by appellees on November 23, 2011, a final hearing was held on July 25, 2012. Appellant testified that he had no way of knowing whether appellees actually received payment for the portion of the lease term from August 1, 2009, to August 1, 2010, because appellant did not own the lease at the time that payment was due. Appellant took ownership when that particular lease year was already eight or nine months into it and did not make any payments for the previous months.

Mr. Waymack testified that upon failure to receive rent on August 1, 2009, after inquiry, he was told that the lessee was in receivership. Mr. Waymack received an IRS form W–9 from Receiver but did not send it in, and he did not recall any requirement in the lease to send a W–9. Mr. Waymack testified that he was never paid any rent for the last year of the original lease term, August 1, 2009, to August 1, 2010. Both parties testified that neither spoke to the other before the end of the initial ten-year term.

The circuit court took the case under advisement and prepared its findings of fact and conclusions of law. The circuit court found that: appellees entered into the lease with OMS with the right to construct and maintain an outdoor advertising sign on property owned by them; that the lease provided for an annual rental payment of $1,300 beginning August 1, 2000, for ten years, ending August 1, 2010; that

the lessee was granted an option to extend the lease for ten years; that the lease was assigned to BA; that beginning August 1, 2009, BA failed to pay rent and went into receivership; that on April 22, 2010, the Receiver sold its rights under the subject lease to appellant; that appellant forwarded a check dated July 29, 2010, in the amount of $1,300 to appellees, which they returned. The circuit court made conclusions of law that the lease was terminated on August 2, 2009, for failure to pay rent; that the lease had terminated prior to the purchase by appellant; and that because the lease was no longer valid at the time appellant purchased it, the circuit court dismissed the complaint. Judgment dismissing the complaint was entered August 14, 2012.

On August 28, 2012, appellant filed a motion for clarification as to ownership of the billboard on the leased property, without citation to any authority or accompanying brief in support. Appellant failed to obtain a ruling on the motion prior to filing the record in this court on December 3, 2012. A timely notice of appeal from the original judgment only was filed via fax on September 10, 2012, and a hard copy was filed on September 12, 2012. This appeal followed.

### I. Lease Expiration

We review cases that traditionally sound in equity de novo on the record, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Redwine v. Turner*, 2011 Ark. App. 251, 378 S.W.3d 866. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Id.* In reviewing a circuit court's findings, we give due deference to the circuit court's superior position to de-

termine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* Disputed facts and determinations of witness credibility are within the province of the fact-finder. *Id.* It is our duty to reverse if our own review of the record is in marked disagreement with the circuit court's findings. *Id.*

Appellant argues multiple reasons why the circuit court's finding that the lease terminated on August 2, 2009, was erroneous, including Mr. Waymack's unreasonable refusal of the 2009 rental payment based on the Receiver's requirement that he sign the W–9 form; the lack of a forfeiture provision in the lease, *see Vereen v. Hargrove*, 80 Ark.App. 385, 96 S.W.3d 762 (2003); and the absence of any notice of intent by appellees to terminate the lease.

According to *Vereen, supra,* as a general rule, the failure of one party to perform his contractual obligations releases the other party from his obligations. But a relatively minor failure of performance on the part of the one party does not justify the other in seeking to escape any responsibility under the terms of the contract; for one party's obligation to perform to be discharged, the other party's breach must be material. *TXO Prod. Corp. v. Page Farms, Inc.,* 287 Ark. 304, 698 S.W.2d 791 (1985). In *Holytrent Properties, Inc. v. Valley Park Limited Partnership,* 71 Ark.App. 336, 32 S.W.3d 27 (2000), this court held that a lessee could be denied an extension of his lease term if he breached a material covenant of the lease; however, if the breach was immaterial, he could exercise his renewal option.

The cases cited by appellant, *Robinson v. Cline,* 255 Ark. 571, 501 S.W.2d 244 (1973), and *Loveless v. Diehl,* 236 Ark. 129, 364 S.W.2d 317 (1963), do not apply to the evidence before us. Both stand for the proposition that tender may be a readiness and willingness to perform in case of the concurrent performance by the other party, indicating a present ability to do so and notice to the other party of such readiness. The evidence before us does not support that proposition.

Appellant claims that Mr. Waymack refused to accept payment in 2009 and maintains that Mr. Waymack's refusal to accept the rent precludes a finding of forfeiture or termination of the lease. Appellant testified that he had no way of knowing whether Mr. Waymack actually received payment for the lease term of August 1, 2009, because appellant was not the lessee at that time and did not make any payment for that twelve-month period.

Mr. Waymack testified that subsequent to the nonpayment of the rent for that period, he was told that the lessee was in receivership, and he was sent a W–9 form that required his signature prior to accepting the payment. There is nothing in the lease that conditions the obligation of payment upon Mr. Waymack to furnish a W–9 form, and he declined to do so. There is no evidence in the record to show that appellant made a payment designated for the period of August 1, 2009, to August 1, 2010, and there is nothing in the record to show that Receiver either unconditionally offered or sent payment during that time.

There is evidence that subsequent to purchasing the lease, appellant tendered payment for the final year of the initial lease term starting on August 1, 2009, but Mr. Waymack returned it to him because, by the time appellant tendered that payment, the lease had expired of its own terms.

Receiver, in effect, repudiated the terms of lease by attempting to condition payment of rent upon Mr. Waymack's executing a W–9 form. This is a variation of the well-known law that an anticipatory

breach of contract justifies the other party's treatment of the contract as terminated. *Stocker v. Hall,* 269 Ark. 468, 602 S.W.2d 662 (1980). The failure of one party to perform its contractual obligations releases the other party from its obligations. *Id.* While acknowledging that where the contract contains no provision for forfeiture, a tenancy cannot be terminated for breach of covenant by the lessee. Our supreme court has also stated that equally well-established is the principle that where there is a material breach of a contract, the injured party is entitled to rescission of the contract, restitution, and recovery of money paid. *See Beck v. Inter City Transp., Inc.,* 2012 Ark. App. 370, 417 S.W.3d 740. There was a refusal of Receiver, either overtly by choice or constructively by inaction, to unconditionally make payment. Rather than an oversight, error, accident of communication, or a minor failure by a few days to make payment, the evidence supports that the condition placed on the payment was a conscious course of conduct adopted by Receiver that amounted to a repudiation of the lease.

Appellant could purchase only what Receiver had the capacity to sell. Receiver sold, a few months before the end of the ten-year term, a lease that was delinquent, but, at that point, not beyond redemption. However, once the tenth and final year of the lease term concluded without the full payment of rent, the lease itself terminated. Accordingly, we hold that the circuit court's finding was not clearly erroneous.

## II. *Ownership of Billboard and the Right to Remove*

Appellant contends that even if this court affirms the termination of the lease, there is still an issue as to ownership of the actual billboard. Appellant filed a motion asking the circuit court to clarify its order, but the circuit court did not do so.

The lease agreement signed by Mr. Waymack provides;

> The ownership of the outdoor advertising sign shall, at all times, be the property of the Lessee and the aforesaid outdoor advertising shall, at no time, become a fixture or a part of the real property, and Lessee shall have the duty and right to remove the outdoor advertising sign within a reasonable period of time after the term of the lease as provided herein.

Appellant argues that this provision vests the lessee with the absolute, unfettered right to go upon appellees' property remove the billboard when the lease ends. The lease was declared to be at an end when the circuit court declared the termination, and appellant maintains that he should have the right to enter appellees' property to remove the billboard.

Appellant failed to plead that any error occurred in the proceedings that would justify revisiting the plain language of the judgment. In violation of Rule 7(b)(1)–(2) (2012) of the Arkansas Rules of Civil Procedure, both of which require a statement of the grounds for the motion and a brief of law relied on, appellant failed to submit a brief in support of the motion for clarification.

Arkansas Rules of Civil Procedure 59 and 60 (2012) govern both the grounds and the procedures required for post trial motions. Because appellant failed to comply with the requirements of either of these rules, also failed to include the deemed-denial of his motion for clarification in his notice of appeal, we do not address this issue.

Affirmed.

HIXSON and BROWN, JJ., agree.